**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

Sally Lesar, individually and on behalf    )
of all others similarly situated,                 )
                                      )
     Plaintiff,                       )
                                      )
     v.                            )     No.   1:13-cv-1236
                                      )
LVNV Funding, LLC, a Delaware limited )
liability company, and Eltman, Eltman,   )
& Cooper, P.C., a New York         )
professional corporation,           )
                                      )
     Defendants.                  )     <u>Jury Demanded</u>

**COMPLAINT— CLASS ACTION**

Plaintiff, Sally Lesar, individually and on behalf of all others similarly situated,

brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u>

("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA,

and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and, c) one of the Defendants resides here and

both Defendants transact business here.

**PARTIES**

3.     Plaintiff, Sally Lesar, is a citizen of the State of Indiana, residing in the

Southern District of Indiana, from whom Defendants attempted to collect a delinquent

consumer debt, which she allegedly owed originally for a Citibank account.

4.      Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Eltman, Eltman, & Cooper, P.C. ("Eltman"), is a New York professional corporation and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts.  Eltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Eltman was acting as a debt collector as to the debt it attempted to collect from Ms. Lesar.

6.      Defendant LVNV is a bad debt buyer that specializes in purchasing large portfolios of defaulted consumer debts, which it then tries to collect upon through other debt collectors, like Defendant Eltman.

7.      Defendant LVNV is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, both Defendants conduct business in Indiana.

8.      Moreover, Defendant LVNV is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant LVNV acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

9.      After being repeatedly laid off from her job, Ms. Lesar fell behind on paying her bills, including a debt she allegedly owed for a Citibank account.  After that debt became delinquent, Defendant LVNV allegedly bought Ms. Lesar's Citibank debt and had the law firm of Blatt, Hasenmiller, Leibsker & Moore file a lawsuit against her to collect the debt, in an action styled LVNV Funding, LLC. v. Sally L. Lesar, 49D04 08 05 CC 022578 (Marion County, Indiana).  On July 17, 2008, Defendant LVNV obtained a judgment against Ms. Lesar.

10.     In late 2012, Defendant LVNV began a new collection attempt on the Citibank debt, by having Defendant Eltman send her a collection letter, dated November 12, 2012, which stated in, pertinent part:

> YOUR ACCOUNT HAS BEEN REFERRED TO OUR JUDGMENT VALIDATION DEPARTMENT
>
> * * *
>
> We represent LVNV Funding LLC in the collection of the outstanding debt stated above.  We have been instructed to validate the judgment and find any assets available to collect on the judgment.  Should you dispute the account or judgment, please contact us right away.

A copy of this letter is attached as Exhibit C.

11.     The November 12, 2012 collection letter, sent on behalf of Defendant LVNV, was Defendant Eltman's initial communication with Ms. Lesar.

12.     Defendants' collection actions complained of herein occurred within one

year of the date of this Complaint.

13.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692g –
## Failure To Provide The 30-Day Validation Notice

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692g of the FDCPA requires that, within 5 days of Defendant Eltman's first communication to a consumer, it had to provide the consumer with an effective validation notice, notifying the consumer that she has 30 days to exercise her right to dispute the validity of the debt or demand validation, see, 15 U.S.C. § 1692g(a)(3-5). Moreover, § 1692g(b) of the FDCPA prohibits a debt collector from taking any collection actions or making any communications during the 30-day period which would overshadow, or be inconsistent with, the disclosure of the consumer's right to dispute the debt or demand verification, see 15 U.S.C. § 1692g(b).

16.     Defendants' letter to Plaintiff failed to provide the statutorily-required  30-day validation notice, but instead stated that, "[S]hould you dispute this account or judgment, please contact us right away."  (Exhibit C).  Thus, Defendants' letter violates § 1692g(a)(3-5) of the FDCPA.

17.     Moreover, by telling a consumer to dispute the debt "right away", an unsophisticated consumer would not know that she had 30 days to dispute the validity of the debt and demand verification.   Thus, Defendants' letter violates § 1692g(b) of the FDCPA.

18.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.   § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA --**
**False, Deceptive, of Misleading Statements**

19.     Plaintiff adopts and realleges ¶¶ 1-13.

20.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

21.     Defendants, by claiming that they have some sort of "JUDGMENT VALIDATION DEPARTMENT" and that they are trying to "find any assets available to collect on the judgment," when, in fact, there is no such "department," and Defendants were not conducting any such asset search, made false, deceptive, or misleading statements in connection with collection of the debt, in violation of § 1692e of the FDCPA.

22.     Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

23.     Plaintiff, Sally Lesar, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed to LVNV, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before

the date of this Complaint to the present.  This action seeks a finding that Defendants'
form letter violates the FDCPA, and asks that the Court award damages as authorized
by § 1692k(a)(2) of the FDCPA.

24.     Defendants LVNV and Eltman regularly engage in debt collection, using
the same form collection letter that they sent to Ms. Lesar, in their attempts to collect
delinquent consumer debts from other persons.

25.     The Class consists of more than 35 persons from whom Defendants
attempted to collect delinquent consumer debts by sending other consumers the same
form collection letter it sent Plaintiff.

26.     Plaintiff Lesar's claims are typical of the claims of the Class.  Common
questions of law or fact raised by this class action complaint affect all members of the
Class and predominate over any individual issues.  Common relief is therefore sought
on behalf of all members of the Class.  This class action is superior to other available
methods for the fair and efficient adjudication of this controversy.

27.     The prosecution of separate actions by individual members of the Class
would create a risk of inconsistent or varying adjudications with respect to the individual
members of the Class, and a risk that any adjudications with respect to individual
members of the Class would, as a practical matter, either be dispositive of the interests
of other members of the Class not party to the adjudication, or substantially impair or
impede their ability to protect their interests.  Defendants have acted in a manner
applicable to the Class as a whole such that declaratory relief is warranted.

28.     Plaintiff Lesar will fairly and adequately protect and represent the interests
of the Class.  The management of the class action proposed is not extraordinarily

difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Lesar has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

### PRAYER FOR RELIEF

Plaintiff, Sally Lesar, individually and on behalf of all others similarly situated. prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Lesar as Class Representatives of the Class, and her attorneys as Class Counsel;

3.      Find that Defendants' form collection letter violate the FDCPA;

4.      Enter judgment in favor of Plaintiff Lesar and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Sally Lesar, individually and on behalf of all others similarly situated, demands trial by jury.

Sally Lesar, individually and on behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: August 2, 2013

7

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com